

1
2
3
4
5
6
7
8           UNITED STATES  DISTRICT COURT
9              Northern District of California
10                   Oakland Division
11  UNITED STATES OF AMERICA,        )    No. CR  09-00871  CW (LB)
                                     )
12              Plaintiff,           )    REPORT AND RECOMMENDATION
         v.                          )    REGARDING GUILTY PLEA
13                                   )
                                     )
14  JAVIER GARCIA-ARMENTA,           )
                                     )
15              Defendant.           )
                                     )
16  ─────────────────────────────────)

17          The magistrate court recommends to the district court that it accept defendant Javier Garcia-

18  Armenta's guilty plea entered in open court on March 4, 2010.  Specifically, the defendant pleaded

19  guilty pursuant to a written plea agreement to count one of the indictment charging possession with

20  intent to distribute methamphetamine in violation of  21 U.S.C. Section 841(a)(1)(C).  The

21  magistrate court makes the following findings:

22          1.  On the hearing date set forth above, with the assistance of counsel, the defendant waived

23  his right to enter his guilty plea before a district court and instead consented to enter his plea in a

24  hearing in magistrate court.  Specifically, the magistrate court advised him that he had a right to

25  plead guilty in district court and that under 28 U.S.C. § 636(b) and Federal Rule of Criminal

26  Procedure 59, he could waive that right and consent to enter his plea in a plea hearing in magistrate

27  court.  The magistrate court also advised him that it would issue a written report recommending that

28  the district court accept the guilty plea, that the district court would review that recommendation and

UNITED STATES DISTRICT COURT
For the Northern District of California

REPORT AND RECOMMENDATION
CR  CW (LB)

1    determine whether to accept the guilty plea, and that the district court and not the magistrate court

2    would sentence him.  The magistrate court also advised him of the procedures (also set forth at the

3    end of this recommendation) for challenging the magistrate court's recommendation.  The defendant

4    then waived his right to proceed in district court in open court and in writing and consented to the

5    magistrate court's conducting the plea hearing.

6         2. The magistrate court conducted a full plea hearing in the manner set forth in Federal Rule

7    of Criminal Procedure 11.  In particular, the magistrate court reviewed, and the defendant

8    acknowledged that he understood, the following: (a) the nature of each charge and the maximum

9    penalties, as set forth in Fed. R. Crim. P. 11(b)(1) (G)-(L); (b) the effect of the advisory Sentencing

10   Guidelines and 18 U.S.C. § 3553(a), *see* Fed. R. Crim. P. 11(b)(1)(M); and (c) the rights he was

11   waiving by pleading guilty, *see* Fed. R. Crim. P. 11(b)(1) (A)-(F).  The court reviewed the specific

12   provisions of the plea agreement regarding waiving the right to appeal or collaterally attack the

13   sentence. *See* Fed. R. Crim. P. 11(b)(1)(N).  The magistrate court also determined that there was a

14   factual basis for the guilty plea.  *See* Fed. R. Crim. P. 11(b)(3).

15        3. The plea agreement itself was disclosed in open court, *see* Fed. R. Crim. P. 11(c)(2), and

16   the magistrate court advised the defendant as follows:

17   A.   To the extent that the plea agreement was an agreement of the type specified in Rule
          11(c)(1)(A) or (C), the district court may accept the agreement, reject the agreement,
18        or defer a decision until the district court reviewed the presentence report.  Also, to
          the extent that the district court accepts the agreement, the agreed disposition will be
19        reflected in the judgment.  To the extent that the district court rejects the agreement, it
          will inform the parties, advise the defendant that it is not required to follow the plea
20        agreement, and give the defendant an opportunity to withdraw the plea.  If the district
          court rejects the plea agreement and the defendant does not withdraw his plea, then
21        the court may dispose of the case less favorably toward the defendant than the plea
          agreement contemplated.

22
23   B.   To the extent that the plea agreement was of the type specified in Rule 11(c)(1)(B),
          the defendant had no right to withdraw his plea if the district court did not follow the
          parties' recommendation or request.
24
     *See* Fed. R. Crim. P. 11 (c)(3)-(5).
25

26        4. The magistrate judge also addressed the defendant personally in open court, and

27   determined that the plea was voluntary and did not result from force, threats, or promises (other than

28

REPORT AND RECOMMENDATION
CR  CW (LB)                                   2

1   the promises in the plea agreement).   *See* Fed. R. Crim. P. 11(b)(2).

2        5.   After the advisements set forth in Rule 11, and summarized here, the defendant pleaded

3   guilty as summarized above.  The magistrate court found that he was fully competent and capable of

4   entering an informed plea, that he was aware of the nature of the charges and the consequences of the

5   guilty plea, and that the guilty plea was knowing and voluntary and supported by an independent

6   factual basis.  This court thus recommends to the district court that it accept the defendant's guilty

7   plea.

8        6.   Any party may serve and file specific written objections within fourteen days after being

9   served with a copy of this order.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59.  Failure to file

10   objections within the specified time may waive a party's right to review.  *See* Fed. R. Crim. P. 59(b).

11        7.   At the parties' request, this court set the matter for further proceedings before the district

12   court on Wednesday, May 26, 2010, at 2 p.m.

13       IT IS SO RECOMMENDED.

14   Dated:   3- 4- 2010

15                              LAUREL BEELER
                               United States Magistrate Judge